1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK CISNEROS, | Case No.  1:15-cv-01658-LJO-BAM-PC |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RE DEFENDANT CDCR'S MOTION TO DISMISS |
| v. | |
| RUBEN HERNANDEZ, et al., | (ECF NO.9) |
| Defendants. | |

Plaintiff Cisneros is appearing with retained counsel in this civil rights action pursuant to 42 U.S.C. § 1983.[1]  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.  Pending before the Court is a motion to dismiss by California Department of Corrections and Rehabilitation (CDCR).

## I.

## PROCEDURAL HISTORY

This action was initiated by civil complaint filed in Kings County Superior Court on October 14, 2014.  Plaintiff, an inmate in the custody of the CDCR at CSP Corcoran, filed a complaint for battery and excessive force.   Plaintiff names as Defendants Correctional Officer

---

[1] In the Notice of Removal, Defendant notes the complaint filed in Kings County Superior Court lists its sole cause of action battery.  However, the complaint states that it is brought to redress an alleged violation of the Constitution of the United States. (Compl . ¶ 4.)

1

Ruben Hernandez and the CDCR.[2] On October 30, 2015, Defendant CDCR removed the action to this Court. On November 6, 2015, Defendant CDCR filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that the CDCR, as an agency of the State of California, is immune from suit. Plaintiff has not filed an opposition to the motion.

Plaintiff alleges that on October 28, 2013, while housed at CSP Corcoran, Defendant Hernandez entered Plaintiff's cell in order to remove him. (Compl. ¶ 13.) During the removal, Plaintiff alleges that C/O Hernandez broke Plaintiff's hand while attempting to place handcuffs on him. Plaintiff alleges that he was not offering any resistance. (Compl. ¶ 16.)

## II.

## MOTION TO DISMISS

### A. State Law Claim

Regarding Plaintiff's state law claim of battery, Defendant argues that the CDCR is not a proper defendant with respect to any claims arising under California law. Except as otherwise provided by statute, a public entity is immune from liability under California law for any injury, "whether such injury arises out of an act or omission of the public entity or a public employee or any other person." Cal. Gov't Code § 815. Thus, liability of public agencies in California must be based on statute. Caldwell v. Montoya, 10 Cal.4th 972, 980 (1995). California Government Code section 8446. Provides, "Notwithstanding any other provision of this part, except as provided in this section and in sections 814, 814.2, 845.4, and 845.6" a public entity is not liable for [a]n injury to a prisoner." Cal. Gov't Code §844.6(a)(1). A public entity therefore cannot be held liable for injuries suffered by a prisoner unless one of the statutory exceptions listed in section 844.6 applies. Lawson v. Superior Court, 180 Cal.App.4th 1372, 1381 (2010).

Defendant notes that none of the statutory exceptions to the immunity listed on section 844.6 apply in this case. Cal. Gov't Code § 814.1 simply provides that the Government Claims Act does not impact an entity's liability on a contract. Similarly, section 814.2 provides that the Act does not impact an entity's obligations under worker compensation laws. Sections 845.4 and

---

[2] Defendant CDCR notes that as of the filing of the motion to dismiss, C/O Hernandez had not been served with process.

845.6 deal with an entity's obligations to provide medical care to prisoners; see also Lawson, 180 Cal.App.4th at 1384.  This action proceeds on a claim of battery and excessive force.  The complaint makes no allegation regarding medical care.  Therefore, there is no basis for liability against CDCR under California law.

**B.  Civil Rights Act**

Regarding Plaintiff's claims arising under the Constitution of the United States, the Civil Rights Act under which this action proceeds provides for liability for state actors that cause "the deprivation of any rights, privileges, or immunities secured by the Constitution."  42 U.S.C. §1983.  The statute plainly requires that there be an actual connection or link between the actions of the defendants, and the deprivation alleged to have been suffered by the plaintiff.  See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

"The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state by both its own citizens, as well as by citizens of other states."  Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989).  In the context of prisoner

lawsuits against CDCR, the Ninth Circuit has expressly and repeatedly held that CDCR is immune from suit under the Eleventh Amendment. See, e.g., <u>Brown v. California Department of Corrections</u>, 554 F.3d 747, 752 (9th Cir. 2009) ("The district court correctly held that the California Department of Corrections and the California Board of Prison Terms were entitled to Eleventh Amendment immunity."); <u>Fulcher v. California Department of Corrections</u>, 297 Fed. App'x. 645, 646 (9th Cir. 2008) ("[T]he California Department of Corrections ... is a state agency that is immune from liability under the Eleventh Amendment."). Defendant CDCR is therefore immune from suit.

**III.**

**CONCLUSION AND RECOMMENDATION**

Defendant correctly argues that the CDCR is not subject to liability under state law for Plaintiff's claims of battery and excessive force.  Defendant CDCR is immune from suit for Plaintiff's constitutional claims and state law claim.  Plaintiff has not filed opposition to the motion.

Accordingly, IT IS HEREBY RECOMMENDED that Defendant CDCR's motion to dismiss be granted, and Defendant CDCR be dismissed from this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provision of Title 28 U.S.C. (b)(1).  Within **twenty (20)** days after being served with these Finding and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Findings and Recommendations."   The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v.</u> Wheeler, 772 F.2d F.3d 834, 838-39 (9th Cir. 2014)(citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  __**January 22, 2016**__          _____/s/ *Barbara A. McAuliffe*_____
                                          UNITED STATES MAGISTRATE JUDGE