# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERICK CISNEROS,<br><br>   Plaintiff,<br><br>   v.<br><br>R. HERNANDEZ,<br><br>   Defendant. | Case No.  1:15-cv-01658-LJO-BAM-PC<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE  4(m)<br><br>RESPONSE DUE IN FOURTEEN DAYS |

Plaintiff initiated this action by filing a civil complaint in Kings County Superior Court on October 14, 2015.  Plaintiff named as Defendants the California Department of Corrections (CDCR) and Correctional Officer Ruben Hernandez.  Plaintiff is represented by John Kolfschoten of the Law Office of John Kolschoten.  The complaint alleges that Defendant Hernandez, while acting in his capacity as a correctional officer employed by the CDCR, used excessive force in handcuffing Plaintiff, resulting in injuries to Plaintiff's left hand.  (Compl. ¶¶ 12-16.)  The complaint sets forth claims for state law battery and that the conduct at issue constituted a deprivation of rights secured by the constitution of the United States.  (Compl. ¶ 4.)

On October 30, 2015, Defendant CDCR removed the action to this Court pursuant to 28 U.S.C. § 1441(a).  In the Notice of Removal, Defendant CDCR noted that service of the summons and complaint on Defendant CDCR was completed by personal delivery on October 14, 2104.  The Notice of Removal further notes that service on Defendant Hernandez has not

been effected.  Defendant CDCR filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff did not oppose the motion.  On January 22, 2016, findings and recommendations were entered, recommending that the motion to dismiss be granted.  Plaintiff did not file objections to the findings and recommendations and on February 18, 2016, an order was entered by the District Court, adopting the findings and recommendations and dismissing Defendant CDCR from this action.  Defendant Hernandez is the sole remaining Defendant.  Plaintiff has not filed a proof of service of the summons and complaint.

Federal Rule of Civil Procedure 4(m) provides that, if service of the summons and complaint is not made upon a defendant within 120 days of filing the complaint, a federal district court has the authority to sua sponte dismiss an action without prejudice, after notice to the plaintiff.  If, however, a plaintiff shows good cause for the failure to serve the complaint within that time frame, the court must extend the time for accomplishing service.  Fed. R. Civ. P. 4(m); Muhammad v. Dep't of Treasury, 1998 WL 986245, at *3 (C.D. Cal. Nov. 17, 1998).  The burden of establishing good cause is on the plaintiff.  Id., at *4.  The "good cause" exception to Rule 4(m) applies "only in limited circumstances" and is not satisfied by "inadvertent error or ignorance of the governing rules."  Hamilton v. Endell, 820 F.2d 319, 320-21 (9th Cir. 1987)(holding that ignorance of Rule 4 is not good cause for untimely service and affirming dismissal under Rule 4(m), even though the statute of limitations had run, and thus, the dismissal effectively was with prejudice).

Accordingly, Plaintiff is HEREBY ORDERED to show cause, within fourteen days of the date of service of this order, why this action should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve the summons and complaint.

IT IS SO ORDERED.

Dated:   **February 19, 2016**             /s/ *Barbara A. McAuliffe*          
UNITED STATES MAGISTRATE JUDGE